UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:14-00200 |
| | ) | JUDGE CAMPBELL |
| QUINTON LEAVELL, et al. | ) | |

MEMORANDUM AND ORDER

Pending before the Court are Defendant Quinton Leavell's Motion To Dismiss For Lack Of Jurisdiction (Docket No. 52), and the Government's Response (Docket No. 78) in opposition. Through the Motion, the Defendant requests that the Court dismiss the Indictment in this case for lack of jurisdiction.

Rule 12(b) of the Federal Rules of Criminal Procedure provides that a motion that the court lacks jurisdiction may be made at any time while a case is pending. Otherwise, a defendant may raise an issue before trial if it involves a defense which is capable of determination without a trial on the merits. In considering a motion made under Rule 12(b), district courts "may ordinarily make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate factfinder." United States v. Craft, 105 F.3d 1123, 1126 (6th Cir. 1997). See also United States v. Jones, 542 F.2d 661, 664-65 (6th Cir. 1976); United States v. Short, 671 F.2d 178, 181-83 (6th Cir. 1981).

The Indictment charges the Defendant with engaging in a conspiracy to commit a "Hobbs

Act" robbery, in violation of 18 U.S.C. § 1951,[1] and using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). (Docket No. 1). The Defendant argues that the Government's evidence regarding the Hobbs Act robbery charge consists of a home invasion robbery of a private citizen in his home, and that as such, the Government cannot demonstrate the robbery affected interstate commerce. Consequently, according to the Defendant, the Court is deprived of jurisdiction over the charge.[2]

---

[1] Section 1951 provides, in pertinent part, as follows:

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section--

(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

* * *

(3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

[2] The Defendant does not separately address the firearm count, but presumably contends that if the Hobbs Act robbery charge fails, the firearm charge also fails because the Hobbs Act

The Defendant principally relies on United States v. Wang, 222 F.3d 234, 238 (6th Cir. 2000) to support his argument. In United States v. Wang, 222 F.3d 234, 239-40 (6th Cir. 2000), the Sixth Circuit held that in order to show that a robbery affected interstate commerce, for purposes of the Hobbs Act, where the victim is an individual rather than a business, the government must prove a substantial connection between the individual victim and a business engaged in interstate commerce.[3]

The Government argues, on the other hand, that the Defendant's motion should be denied as the interstate commerce nexus is not jurisdictional, but is an element of the crime to be proven at trial.

Although the Defendant frames his argument as a jurisdictional one, the Sixth Circuit has made clear that the Hobbs Act's interstate commerce element is not a jurisdictional issue: "Although the Hobbs Act's interstate commerce element is commonly referred to as a

---

robbery charge is alleged to be the underlying crime of violence for purposes of Section 924(c)(1)(A).

[3] Since the Wang decision, the Sixth Circuit's determination of what must be shown to satisfy the "affecting interstate commerce" requirement when the victim is a private individual has evolved. In United States v. Ostrander, 411 F.3d 684, 691-92 (6th Cir. 2005), the court held that the robbery and murder of an individual marijuana and cocaine dealer affected interstate commerce, pointing out that the amount of drugs targeted in the robbery was too large for personal use, that the cocaine and marijuana usually sold by the victim originated in Latin America, and that "the robbery and murder obviously reduced the amount of drugs [the victim] could buy and sell in interstate commerce." 411 F.3d at 692.

The Sixth Circuit's subsequent cases involving Hobbs Act convictions for robberies of drug traffickers have cited and are in accordance with the holding in Ostrander. United States v. Cecil, 615 F.3d 678, 691 (6th Cir. 2010); United States v. Sease, 659 F.3d 519, 526 (6th Cir. 2011); Purnell v. United States, 2012 WL 3667994 (6th Cir. Aug. 27, 2012); United States v. Baugh, 605 Fed. Appx. 488, 490-91 (6th Cir. March 18, 2015); United States v. Conyers, 603 Fed. Appx. 462, 465-66 (6th Cir. March 3, 2015); United States v. Lanier, 623 Fed. Appx. 768 (6th Cir. Aug. 13, 2015).

'jurisdictional element,' the failure of the government to prove a nexus between the crime and interstate commerce is not jurisdictional in the sense that it deprives the district court of subject matter jurisdiction." United States v. Turner, 272 F.3d 380, 390 (6th Cir. 2001). See also United States v. Martin, 526 F.3d 926, 933 (6th Cir. 2008)(Interstate commerce element of felon-in-possession of firearm statute is not jurisdictional issue in that a failure of proof does not divest the federal courts of adjudicatory power over the case). A claim that there is an insufficient connection to interstate commerce is instead "a challenge to one of the elements of the government's case and is therefore considered a claim about the sufficiency of the evidence." United States v. Riddle, 249 F.3d 529, 536 (6th Cir. 2001).

As such, the Defendant's argument that the Government cannot prove the interstate commerce element is not an appropriate basis for dismissal of the Indictment under Rule 12(b) prior to trial. Accordingly, the Motion To Dismiss is DENIED. Defendant may renew this argument at the appropriate time during the trial.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE