UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

United States of America,

    Plaintiff,

v.                                                     Case No. 3:14-0200

Quinton Leavell,                       Judge Sean F. Cox

    Defendant.
_____/

**MEMORANDUM OPINION**

Jury trial began in this case on November 6, 2017. On November 8, 2017, the Court heard oral argument on the admissibility of Government's Exhibits 13 and 14. At the conclusion of arguments, the Court ruled that both exhibits were admissible. The Court now issues this Memorandum Opinion to further explain its rulings in writing.

**Background**

Defendant has been charged with: (1) conspiracy to commit robbery affecting commerce (Hobbs Act robbery), 18 U.S.C. § 1951; (2) using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence, to-wit: conspiracy to commit robbery affecting commerce, 18 U.S.C. § 924(c)(1)(A); and (3) possessing and discharging a firearm in furtherance of a crime of violence, to-wit: Hobbs Act extortion and robbery, causing the death of the named victim, 18 U.S.C. §§ 924(c)(1) and 924(j).

At issue is the admissibility of the Government's Exhibits 13 and 14. Exhibit 13 is letters purportedly written by Defendant Quinton Leavell to Xavier Farmer while both were detained in the Grayson County Jail. Exhibit 14 is a letter written on napkins that were purportedly written

by Xavier Farmer to Defendant, also while both were detained in jail.

## ANALYSIS

Defendant challenged the admissibility of both exhibits, arguing that they were not properly authenticated and that they were not relevant.

### I. Authentication

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

The Government sought to authenticate Exhibit 13, the letters purportedly written by Defendant Quinton Leavell, under Rule 901(b)(3) (Comparison by an Expert Witness or the Trier of Fact) and (b)(4) (Distinctive Characteristics and the Like). As stated at the hearing, the Court finds Rule 901(b)(3) to be the appropriate rule in this context. Rule 901(b0(3) "permits the trier of fact to compare documents with other documents which have been authenticated." *United States v. Saadey*, 393 F.3d 669, 679 (6th Cir. 2005).

In this case, the Government admitted Exhibit 13A, which is a letter sent from Defendant to Judge Campbell and his clerk and that contained his case number and discussed details of the case. This letter was filed with the Court and is a part of the docket (Doc. # 36). Accordingly, the Court finds that this letter has been properly authenticated as a letter written by Defendant. It would defy logic and common sense to conclude that this letter was not sent by Defendant but was instead sent by some other unknown individual. And, if this letter was not written by Defendant, it would also defy logic that Defendant or defense counsel did not challenge its continuing presence on the Court's docket. Because an authenticated document written by Defendant was introduced into evidence, Rule 901(b)(3) permits the jury, as the trier of fact, to

make lay comparisons between that document and the purported letters of Defendant introduced as Exhibit 13. *Saadey*, 393 F.3d at 679-80.

As to Exhibit 14, the letter purportedly written by Xavier Farmer, the Government relied upon Rule 901(b)(4), which considers "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Writings may be authenticated under this rule where they deal with matters "particularly within the knowledge of the persons corresponding" such that the contents are not a "matter of common knowledge." *United States v. Jones*, 107 F.3d 1147, 1150 (6th Cir. 1997), quoting *United States v. Maldonado-Rivera*, 922 F.2d 934, 957 (2d. Cir. 1990). In *Jones*, a card allegedly written by the defendant met the authentication requirements of Rule 901 where it contained references about the recipients family members that nobody else could have written. *Id*.

Here, the letter is signed by "Factor," which testimony identified as Farmer's nickname. The letter refers to the author's court proceeding before Judge Trauger and refers to the Assistant United States Attorney involved by name. The letter also discusses the Government's intent to seek immunity for Farmer, which he did in fact receive. And, to corroborate this information, the Government introduced court pleadings to show that Farmer was, in fact, in court before Judge Trauger on October 30th. The Court finds that contents of the letter, taken together with the circumstances, are sufficiently distinctive to identify them as being written by Xavier Farmer, thereby satisfying Rule 901.

## II. Relevance

Second, Defendant challenged the relevance of both exhibits. Evidence must be relevant to be admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

consequence in determining the action." Fed. R. Evid. 401.  This is a "low bar." *United States v. Dowlen*, 514 Fed. App'x. 559, 564 (6th Cir. 2013).

In this case, the existence of a conspiracy was established by the testimony of Antonio Darden.  The contents of the letters in Exhibits 13 and 14 help establish that Defendant and Farmer had a close relationship, which is relevant to the conspiracy charge.  The letters also discuss Farmer's impending non-cooperation with the Government and demonstrate that Defendant and Farmer are engaged in an ongoing conspiracy.  This information tends to show Defendant's consciousness of guilt.  Therefore, the Court finds that Exhibits 13 and 14 are relevant and admissible under Rules 401 and 402.  Further, the Court finds that the probative value of the letters is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  *See* Fed. R. Evid. 403.

                                                      s/Sean F. Cox
                                                      Sean F. Cox
                                                      United States District Judge
                                                      Sitting by Special Designation

Dated:  November 9, 2017